UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re:<br>BROADWAY EQUITY HOLDINGS LLC,<br>                                        Debtor, | Chapter 11<br><br>Case No.: 17-22242 (RDD) |
| BROADWAY EQUITY HOLDINGS LLC,<br>                                        Plaintiff,<br>- against -<br>152 BROADWAY HAVERSTRAW NY LLC, BLUE BEVERAGE GROUP, INC., JOSEPH GOLDBERGER, TOBY WEINBERGER, MFT HOLDINGS LLC, ESTATE OF JENO GUTTMAN, RYVKIE GOLDBERGER, LAND TRACK TITLE AGENCY, LLC, VILLAGE OF HAVERSTRAW RECEIVER OF TAXES, COMMISSIONER OF FINANCE OF THE COUNTY OF ROCKLAND, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, "JOHN DOE NO. 1" through "JOHN DOE NO. 10", and said names being fictitious, it being the intention of Plaintiff to designate all persons, partnerships, corporations, or other entities in possession of the premises, as tenant or otherwise any/or all persons or entities having or claiming an interest in said premises,<br>                                        Defendants. | Adversary Case No.: 17-8215 (RDD) |

**MOTION TO VACATE ORDER**
**GRANTING POST-JUDGMENT RELIEF (DOCKET NO. 169)**

Joseph Goldberger, Toby Weinberger a/k/a Toby Menczer, the Estate of Jeno Guttman, MFT Holdings LLC, Ryvkie Goldberger (the "Movants") through their undersigned counsel, submit this motion to request that, upon the provision of cash in escrow and other security in a form and amount satisfactory to the Court, the Post-Judgment Order (defined below) be vacated.

1. Pursuant to Rules 7001, 7014 and 7069 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); incorporating Rules 64 and 69(a)(1) of the Federal Rules of Civil Procedure; Article 10 of the N.Y Debtor & Creditor Laws, and Civil Practice Law and Rules ("CPLR") Sections 5240, 5225, 5227, 5229, 5239, Article 62, and/or 6301, on June 29, 2020, this court issued an Order (the "Post-Judgment Order") (docket number 169) (annexed as **Exhibit A**) to restrain the Movants and others, to appoint a Receiver and to allow discovery.

2. Pursuant to the Court's express permission, Movants seek relief from the Post Judgment Order based on a proposal to provide security for payment of a potential money judgment.

3. The Post Judgment Order is broad, restraining any and "all dissipating, conveying, transfers in any way affecting, altering, or modifying the rights, title, and interest in and to real and personal property of the Movants, including without limitation : [A] a condominium located at 479 Bedford Avenue, Brooklyn, New York 11206, Unit 1, Block 2169, Lot 1201, in Kings County, State of New York; [B] Parking lots 1 – 7 located at 446 Marcy Avenue, Brooklyn, New York, 11206 Block 2264, Lots 2825, 2826, 2827,2828, 2829, 2830, 2831, in Kings County, State of New York; [C] the Movants interests in the following entities: (i) Superb Health LLC, (ii) Excel Health LLC, (iii) Excellent Home Care Services, LLC, (iii) Rechov Bedford LLC, and (iv) Git Leb LLC (the "Judgment Debtors' Assets")." The Post Judgment Order has prevented

Movants' from freely engaging in business and such restraint will be unnecessary once the potential judgment is secured.

4. The sole purpose of the Post-Judgment Order is to assure that the Judgment entered by this court in this Adversary Proceeding on May 29, 2020 (the "Judgment") (docket number 144) will be paid timely and in full, once the amount of the Judgment is established by the Court at a hearing scheduled to occur on October 21, 2020 at 10:00 a.m.

5. Inasmuch as the sole purpose of the Post-Judgment Order is to assure that the Judgment is paid, Movants have posted cash in escrow and to propose to provide an assignment of other security in a form and amount satisfactory to the Court to assure that the Judgment shall be paid. With that cash escrow and security, the sole purpose of the broad and intrusive discovery and restraints called for by the Post-Judgment Order will be satisfied and thus the Post-Judgment order should then be vacated. Movants' counsel conveyed this offer to plaintiff's counsel at 2:00 pm on July 8, 2020 and advised plaintiff's counsel that Movants intended to seek judicial relief if the parties did not reach a consensual resolution. Plaintiff's counsel has neither accepted nor rejected the security proposal, nor raised any questions or concerns regarding the proposal, except to state that they are still considering the offer. As of this writing, plaintiff has not responded to the security offer. It is apparent that plaintiff is more interested in obtaining Movants' confidential information than in securing the potential money judgment.

6. Rather, plaintiff has responded by pressing for expedited discovery, including the production of Movants' tax returns. Movants have advised that they are prepared to produce their tax returns "for Robinson Brog attorneys' eyes only" pending the hearing on this motion. Because Movants are engaged in competitive businesses in the same business community as plaintiff's principal, it is fair and reasonable that Movants' tax returns and confidential business information be maintained confidentially, at least until the Court determines whether Movants have adequately secured payment of a potential judgment, obviating the need for discovery. The potential harm to Movants from the release of such confidential information cannot be undone.

7. In addition to a cash escrow now being held by the law firm of Zeichner Ellman & Krause LLP, Movants propose to provide an assignment of a second mortgage ("the Second Mortgage") on the subject property on which there is an outstanding balance of approximately $2.3 million, consisting of principal and interest (including default interest). (Proposed assignment documentation, including calculation of the amount due, is annexed hereto as **Exhibit B.**) Plaintiff is the holder of the third mortgage on the subject property and the Judgement arises from that third mortgage. Upon a sale of the property by the bankruptcy trustee, the full amount due on the Second Mortgage will need to be paid to the then current holder before plaintiff receives payment on its third mortgage. With this assignment, plaintiff will then receive the full amount due on the Second Mortgage, in excess of $2.3 million (or, if the Judgment awarded by the Court is less than that amount, plaintiff will receive the amount of the Judgment).

Accordingly, upon this assignment, the amount needed for cash escrow may be reduced by $2.3 million.

8. Annexed hereto as **Exhibit C** is a demand from Plaintiff's counsel contending that the amount to be paid is on the Judgement will be $3,929,345.41 plus certain additional interest that may accrue. Movants submit that this amount is overstated.

9. Movants submit that certain counsel fees are overstated and/or exaggerated. Moreover, the amount of $349,417.74 in attorneys' fees specified for Paul Rubin relating to services he rendered as counsel to the Debtor's principals should not be deemed to be a proper charge to be shifted to the Movants. Accordingly, Movants propose to show at the Hearing of this Motion that they need not provide security for the fees of Paul Rubin.

10. Movants submit that the amount of the cash escrow should be calculated as follows:

|  | Source |
|---|---|
| $3,929,345.41 | Exhibit C |
| -$2,300,000 | Exbibit B |
| **$1,629,345.41** | |
| -$349,417.74 | **Rubin Fees** |
| **$1,279,927.26** | |

Accordingly, a cash escrow of $1.3 million should be more than sufficient to secure the amount of plaintiff's claim plus any appropriate additional interest that plaintiffs can show will accrue. Such an escrow should be sufficient to vacate the Post-Judgment Order.

Indeed, Movants have already deposited this sum into an escrow account maintained by its undersigned counsel.

11. Plainly, once the Judgment is secured, the restraints and discovery authorized by the Post-Judgment Order are rendered burdensome and unreasonable and serve no purpose.

12. Movants seek to move by Order to Show Cause to shorten the time that the onerous and on-going restraints and unneeded discovery are imposed upon them.

13. No prior application has been made for the relief requested herein.

WHEREFORE, Movants respectfully request that upon the provision of the cash escrow and assignment of the Second Mortgage, in a form and amount satisfactory to the Court, that the Post-Judgement Order be vacated.

Dated: New York, New York
July 10, 2020

ZEICHNER ELLMAN & KRAUSE LLP

By: _____
Nathan Schwed
Jantra Van Roy
Michael S. Davis
*Attorneys for Joseph Goldberger, Toby Weinberger a/k/a Toby Menczer, the Estate of Jeno Guttman, MFT Holdings LLC, Ryvkie Goldberger*
1211 *Avenue* of the Americas
New York, New York 10036
(212) 223-0400
jvanroy@zeklaw.com
nschwed@zeklaw.com
mdavis@zeklaw.com

6